# THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) Witcher Infinity Partners, LLC, (2) R.C. Taylor Operating Company, LLC, and (3) the Witcher Red Fork Unit,<br><br>Plaintiffs,<br><br>v.<br><br>(1) GFL Environmental, Inc.,<br><br>Defendant. | Case No. CIV-23-294-D |

## COMPLAINT

Plaintiffs Witcher Infinity Partners, LLC ("WIP"), R.C. Taylor Operating Company, LLC ("R.C. Taylor"), and the Witcher Red Fork Unit (the "WRFU") (collectively referred to as "Plaintiffs"), sets forth the following in support of their causes of action:

## JURISDICTION AND VENUE

1. Plaintiff, Witcher Infinity Partners, LLC, is an Arkansas limited liability company whose members all reside in the State of Oklahoma.

2. Plaintiff, R.C. Taylor Operating Company, LLC, is an Oklahoma limited liability company whose members all reside in the State of Oklahoma.

3. Plaintiff, the Witcher Red Fork Unit, is an Oklahoma Corporation Commission authorized secondary recovery unit created pursuant to 52 O.S. § 287.1, *et seq.* and situated in the State of Oklahoma.

4. Defendant, GFL Environmental, Inc. ("GFL"), is a Canadian corporation with its principal place of business in Toronto, Ontario, Canada.

5. The Court has original jurisdiction pursuant to 28 U.S.C. § 1332(2) because: (1) the action is between citizens of the State of Oklahoma and a foreign entity and (2) the amount in controversy exceeds $75,000.00.

6. The Court has personal jurisdiction over GFL because GFL has purposefully availed itself to the jurisdiction of the State of Oklahoma by conducting continuing business operations and owning real property located within the State of Oklahoma.

7. Venue is proper in the Western District of Oklahoma pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiffs' claims arise in this district.

## GENERAL ALLEGATIONS

All allegations set forth in the paragraphs above are incorporated by reference.

8. The WRFU was created on October 25, 1991, pursuant to Oklahoma Corporation Commission Order No. 360978 for the purpose of performing enhanced oil and gas recovery operations in portions of Section 19, 20, 21, 22, 27, 28, and 29 all in Township 12 North, Range 2 West, Oklahoma County, Oklahoma.

9. The WRFU has been in continuous operation and production since October 25, 1991.

10. A plan of unitization was entered into and agreed upon by the original owner and operator of the WRFU, Diamond A Inc., and the various working interest and royalty

interest owners of the WRFU and was approved and adopted by the Oklahoma Corporation Commission pursuant to order No. 360978 (the "Plan of Unitization").

11. GFL has constructive notice of the existence of the WRFU and the Plan of Unitization.

12. After various mesne conveyances, WIP acquired the WRFU and the underlying leases. Thereafter, WIP appointed R.C. Taylor as the operator of the various oil and gas wells which are a part of the WRFU.

13. As a part of the WRFU, R.C. Taylor operates the Walter Jones #1 (the "Jones 1") and the Walter Jones #3 (the "Jones 3"), each of which are located in the Northeast Quarter of Section 22, Township 12 North, Range 2 West, Oklahoma County, Oklahoma (the "Subject Lands").

14. Additionally, the Walter Jones #2 (the "Jones 2") (collectively with the Jones 1 and Jones 3 referred to as the "Subject Wells") is operated by R.C. Taylor as a part of the WRFU and is located on the surface adjacent to the Subject Lands.

15. As a part of the operation of the WRFU, various right of way easements were either granted to the WRFU pursuant to the Plan of Unitization or were obtained by the WRFU on the Subject Lands. The WRFU used those easements to construct lease roads and pipelines in order to reach and physically operate the Subject Wells. The underlying oil and gas leases additionally afford WIP and R.C. Taylor the right to a reasonable use of the surface within the WRFU, for the purpose of producing hydrocarbons from and within the WRFU.

16. Prior to GFL's impermissible actions, detailed below, the WRFU used the various easements free from interference and WIP and R.C. Taylor used the aforementioned surface usage rights associated with the oil and gas leases.

17. GFL is the owner of the surface of the South Half of the Northeast Quarter of Section 22, Township 12 North, Range 2 West, Oklahoma County, Oklahoma which is operated as a landfill by GFL (the "Landfill").

18. As GFL has expanded the Landfill, it has hindered, interfered, and harmed Plaintiffs' lawful operation of the WRFU and the Subject Wells and peaceable use of its easements by moving and/or placing containers, dirt, debris, and other trash from the Landfill on and over the lease roads used to access the Subject Wells, the pipelines which are used to transport hydrocarbons produced from the Subject Wells, and the wellsite of the Jones 1 and Jones 3.

19. Specifically, GFL has covered many of the pipelines used to transport hydrocarbons from the Subject Wells with dirt, debris, and/or trash. Because of this, Plaintiffs can no longer safely utilize the pipelines to transport hydrocarbons which are produced by the Subject Wells.

20. GFL has covered and buried the original lease roads with dirt, debris, and/or trash which has resulted in Plaintiffs no longer being able to use the same to reach the Subject Wells.

21. New lease roads were constructed by GFL; however, those lease roads are unfit and inaccessible by the equipment and vehicles necessary for the operation of the Subject Wells.

22.     GFL has stored large containers utilized in the operation of the Landfill on or around the lease road leading to the Jones 1 and Jones 3, further preventing Plaintiffs form reaching the same.

23.     GFL has encroached on the well site of the Jones 1 and Jones 3 by placing or storing large containers, dirt, debris, and/or trash in close proximity of the respective wellsite which hinders Plaintiffs ability to reach and safely conduct operations on the Jones 1 and Jones 3.

24.     GFL removed or are using the entry gates installed by the Plaintiffs which provided security to the Subject Wells and which Plaintiffs used reach the same.

25.     GFL intentionally prevented Plaintiffs from accessing and operating the Jones 2 by dumping a significant amount of dirt, debris, trash, and/or other substances across the access gate. R.C. Taylor recently cleared the road for the second time in order to allow access.

## COUNT I
### TRESPASS

The allegations set forth in the paragraphs above are incorporated by reference.

26.     WIP (as owner of the WRFU) and R.C. Taylor (as operator of the WRFU) have the right to use the surface to the extent reasonably necessary to perform their operations on the WRFU free from interference from the surface owner.

27.     The right to use the surface includes the right to reasonable ingress and egress.

28.     Additionally, WIP and the WRFU own various right of way easements obtained as a part of the WRFU and used to access and operate the Subject Wells.

29. Both the right to reasonable use and the easements grant Plaintiffs a property right in the Subject Lands.

30. GFL's actions have deprived Plaintiffs of the ability to access and operate the Subject Wells.

31. The interference by GFL of Plaintiffs' property right in the Subject Lands constitutes a trespass under Oklahoma law.

32. GFL's trespass has injured Plaintiffs in an amount to be proven at trial, but in any event, in excess of $75,000.00.

## COUNT II
### NUISANCE

The allegations set forth in the paragraphs above are incorporated by reference.

33. WIP (as owner of the WRFU) and R.C. Taylor (as operator of the WRFU) have the right to use the surface to the extent reasonably necessary to perform their operations on the WRFU free from interference from the surface owner.

34. Additionally, WIP and the WRFU own various right of way easements obtained as a part of the WRFU and used to access and operate the Subject Wells.

35. Both the right to reasonable use and the easement grant Plaintiffs a property right in the Subject Lands.

36. GFL's actions have unlawfully and/or unreasonably interfered and obstructed Plaintiffs' lawful use of the surface of the Subject Lands.

37. GFL has endangered the health and safety of others by burying the pipelines utilized by Plaintiffs in their operation of the Subject Wells.

38. Plaintiffs have incurred costs and have suffered damages to remove dirt and debris intentionally used by GFL to block the access gate to the Jones #2 well.

39. GFL's actions constitute a nuisance under Oklahoma law.

40. GFL's nuisance has injured Plaintiffs in an amount to be proven at trial, but in any event, in excess of $75,000.00.

## COUNT III
### PERMANENT INJUNCTION

The allegations set forth in the paragraphs above are incorporated by reference.

41. WIP (as owner of the WRFU) and R.C. Taylor (as operator of the WRFU) have the right to use the surface to the extent reasonably necessary to perform their operations on the WRFU free from interference from the surface owner.

42. The right to use the surface includes the right to reasonable ingress and egress.

43. Additionally, WIP and the WRFU own various right of way easements obtained as a part of the WRFU and used to access and operate the Subject Wells.

44. GFL actions have deprived Plaintiffs of the ability to access and operate the Subject Wells.

45. Specifically, GFL has: (1) prevented Plaintiffs from being able to utilize various pipelines which are located on the surface of the Subject Lands and utilized in the operation of the Subject Wells; (2) prevented Plaintiffs from accessing the Subject Wells by covering or burying the existing lease roads with dirt, debris, trash, and/or other substances; (3) prevented Plaintiffs from safely operating the Jones 1 and Jones 3 by

placing large containers, dirt, debris, trash, and other substances within the immediate vicinity of the Jones 1 and Jones 3; (4) subjected the Jones 1 and Jones 3 to security risks by removing the access gates utilized by Plaintiffs; and (5) intentionally prevented Plaintiffs from accessing the Jones 2 by blocking the access gate to such well.

46. GFL's continued interference with Plaintiffs' right to enter and conduct operations on the Subject Lands cannot be fully remedied by monetary damages as it deprives Plaintiffs of their ability to use their *sui generis* real property interest.

47. GFL should be compelled by this Court to remove any and all dirt, debris, trash, or other substances which cover, bury, or block the original lease roads and restore the same to the condition which the lease roads were in prior to GFL's trespass and nuisance.

48. GFL should be compelled by this Court to remove any and all dirt, debris, trash, or other substances which cover, bury, or block the pipelines which are utilized to transport hydrocarbons from the Subject Wells. This must be done so that Plaintiffs can ensure that their transportation of hydrocarbons can be conducted in a safe manner.

49. GFL should be compelled by this Court to remove any and all containers, dirt, debris, trash, or other substances which are in the immediate vicinity of the Jones 1 and Jones 3 and prevent Plaintiffs from accessing and safely operating the same.

50. GFL should be compelled by the Court to replace the access gate which secured the Jones 1 and Jones 3. Further, GFL should be ordered to cease its use of Plaintiffs' gate and restore the original lease roads to their prior condition.

51. GFL should be compelled to remove any and all dirt and debris which was intentionally used to block the access gate to the Jones 2.

## **R**ELIEF **R**EQUESTED

WHEREFORE Plaintiffs demand a judgment against GFL and respectfully request that the Court:

a. Enter an Order findings that GFL's actions constitute a trespass under Oklahoma law and award Plaintiffs damages in an amount to the proven at trial, but in any event, in excess of $75,000.00.

b. Enter an Order findings that GFL's actions constitute a nuisance under Oklahoma law and award Plaintiffs damages in an amount to the proven at trial, but in any event, in excess of $75,000.00.

c. Enter an order granting Plaintiffs a mandatory permanent injunction which compels GFL to: (1) remove any and all dirt, debris, trash and/or other substances which cover, bury, or block the original lease roads and restore the same to the condition which the lease roads were in prior to GFL's trespass and nuisance; (2) remove any and all dirt, debris, trash, or other substances which cover, bury, or block the pipelines which are utilized to transport hydrocarbons from the Subject Wells; (3) remove any and all containers, dirt, debris, trash, or other substances which are in the immediate vicinity of the Jones 1 and Jones 3 and prevent Plaintiffs from accessing and safely operating the same; (4) to replace the access gate which secured the Jones 1 and Jones 3; and (5) to remove any and all dirt and debris which was intentionally used to block the access gate to the Jones 2.

d. Award Plaintiffs attorney's fees, costs, and expenses, together with such further relief, as the Court deems equitable and proper.

                                      Respectfully submitted,

Dated: April 6, 2023               /s/ Gregory L. Mahaffey
                                      Gregory L. Mahaffey, OBA #5626
                                        Richard L. Rose, OBA #20105
                                        Cody J. McPherson, OBA #20282
                                        Scott R. Verplank, Jr., OBA #34041
                                        **MAHAFFEY & GORE, P.C.**
                                        300 N.E. 1st Street
                                        Oklahoma City, OK 73104-4004
                                        Telephone: (405) 236-0478
                                        Facsimile: (405) 236-1840
                                        gmahaffey@mahaffeygore.com
                                        rrose@mahaffeygore.com
                                        cmcpherson@mahaffeygore.com
                                        sverplank@mahaffeygore.com
                                        **ATTORNEYS FOR PLAINTIFFS WITCHER INFINITY PARTNERS, LLC, R.C. TAYLOR OPERATING COMPANY, LLC, AND HE WITCHER RED FORK UNIT**